Miguel Vargas, demandante y apelante, *v.* Esperanza Cruz Vélez, demandada y apelada.

No. 5230.—*Sometido:* Noviembre 17, 1930.—*Resuelto:* Enero 15, 1931.

*Tous Soto & Zapater*, abogados del apelante; *José Sabater*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En 22 de mayo de 1929 se presentó en la Corte de Distrito de Mayagüez, a nombre de Miguel Vargas, y en pleito civil No. 9527, sobre filiación, una moción en la que se expresó: Que en 15 de marzo de 1923 se dictó por esa corte de distrito una sentencia desestimando la demanda de Vargas, y en ella se cometió error al declarar con lugar la excepción previa por estimar prescrita y extinguida la acción, y se excedió la corte en su jurisdicción, al declarar la extinción, y al dictar sentencia sin permitir al demandante que enmendara la demanda; que el demandante apeló, pero su apelación no fué perfeccionada en forma, y se desestimó; y se pidió que la corte exonerara al demadante de los efectos de la sentencia. La corte de distrito, en 7 de enero de 1930, declaró sin lugar la moción; y contra tal resolución se ha apelado ante este tribunal.

 Ahora la parte apelada nos pide que desestimemos la apelación, fundándose en que éste es un caso que fué apelado, y se desestimó el recurso, en que han transcurrido

·siete años de haberse dictado la sentencia, en que la apelación no se ha perfeccionado de acuerdo con la ley, en que no cabe apelación de esa clase de resoluciones, y en que se trata de cosa juzgada, acerca de la que este tribunal ha dictado varias sentencias.

Aunque se ha sostenido que se trata de una cuestión de jurisdicción, no nos es dable encontrarla. La resolución primitiva acerca de una excepción previa fundada en la prescripción, declarando con lugar la excepción, y dictando sentencia, no envuelve cuestión alguna de jurisdicción. En las facultades y poder de la corte de distrito, al resolver una excepción de esa clase estaba la de dictar sentencia si entendía que la acción se hallaba prescrita; y si no concedió término para enmendar, no se excedió en su jurisdicción, ya que esa concesión no es obligatoria para las cortes, y ya que, si fuera un abuso de discreción, pudo en su tiempo, obtenerse la corrección de tal abuso.

Como solamente por analogía con los casos del artículo 140 del Código de Enjuiciamiento Civil, se ha podido sostener la moción, creemos necesario declarar que no encontramos la calidad de revisable de esta clase de resoluciones.

Bastan estos motivos para resolver la moción de desestimación.

*Se desestima la apelación en este caso.*